IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - NORTHERN DIVISION

| | |
|---|---|
| DARRELL EUGENE WASHINGTON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **ORDER**<br><br>Case No. 1:07-CV-0003<br><br>Judge Dee Benson |

Before the Court is Petitioner Darrell Eugene Washington's pro se motion to vacate prior judgment and enter a new judgment. Pro se litigants pleadings must be construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, the Court finds that what Petitioner is seeking is a motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b).

On April 22, 2008, Petitioner filed a motion with the Court pursuant to Federal Rule of Appellate Procedure ("FRAP") 4(a)(6) to reopen the time to file an appeal of the Court's March 28, 2007 Order denying Petitioner's motion to vacate, set aside or correct his sentence. Petitioner claimed that because of a miscommunication regarding his correct address, he did not receive the Court's March 28, 2007 Order until nearly one year after it was rendered, and thus inadvertently missed the deadline to appeal. After reviewing Petitioner's motion and FRAP 4(a)(6), the Court denied Petitioner's motion finding that Petitioner did not meet the requirements of the rule. *See* Order, July 1, 2008, Dkt. No. 8. And "a court may not enlarge the time limits for filing the notice of appeal except as authorized by the rules." *Williams v. Wash. Convention Ctr. Auth.*, 481 F.3d 856, 859 (D.C. Cir. 2007).

Petitioner now seeks an alternative route for enlarging the time to appeal the Court's March 28, 2007 Order. Petitioner asks the Court to vacate its March 28, 2007 Order and enter a

new judgment with ostensibly the same outcome. This, petitioner argues, will allow him to file a timely notice of appeal. Relief from a final judgment pursuant to Fed. R. Civ. P. 60(b) is only appropriate in limited circumstances. *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)). These include when a judgment is the result of mistake or fraud, when newly discovered evidence is obtained, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

After filing his original motion to vacate, set aside, or correct his sentence on January 8, 2007, Petitioner was transferred to another prison. The Court was never notified of Petitioner's address change. Accordingly, in March 2007, when the Court entered its Order denying Petitioner's motion, the notification sent to Petitioner was returned to the Court as undeliverable. Then in December 2007, still having not received notice of the Court's Order, Petitioner sent a letter to the Court requesting a favorable decision. Dkt. No. 5. It was not until April 2008, nine months after his time for appeal had passed, that Petitioner learned from a third party that his motion had been denied.

The Court, finding that Petitioner has been reasonably diligent in pursuing this action, hereby GRANTS Petitioners motion to vacate its prior judgment pursuant to Rule 60(b)(6). Fed. R. Civ. P. 60(b)(6) ("the court may relieve a party ... from a final judgment ... for ... any ... reason that justifies relief"). Accordingly, the Court's March 28, 2007 Order denying Petitioner's motion is hereby vacated and reinstated. Petitioner shall have 60 days from the date of this order to take an appeal. Fed. R. App. P. 4(a)(1)(B).

IT IS SO ORDERED.

DATED this 17th day of September, 2008.

_____
Dee Benson
United States District Judge