IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff/ Respondent,<br><br>vs.<br><br>DARRELL EUGENE WASHINGTON<br><br>Defendant/ Movant, | **ORDER**<br><br><br><br>Case No. 1:07-CV-003<br><br>1:02-CR-34 |

Before the Court is plaintiff United States of America's motion to dismiss (Dkt. No. 24) defendant Darrell Eugene Washington's motion to vacate a judgement (Dkt. No. 20) entered by this Court. After reviewing all relevant materials and considering the information contained therein, the Court enters the following order.

1. **BACKGROUND**

Mr. Washington was convicted of the offense of possession of cocaine with intent to distribute, and was sentenced to 360 months imprisonment. Mr. Washington appealed his conviction and sentence, and the conviction and sentence were affirmed by the Tenth Circuit Court of Appeals on December 2, 2005. *United State v. Washington*, 2005 WL 3257511 (10th Cir. 2005)(unpublished).

Mr. Washington thereafter filed a motion pursuant to 28 U.S.C. § 2255 to vacate his

conviction and sentence. The motion was filed on January 8, 2007, more than one year after the denial of his appeal. (1:07-cv-0003, Dkt No. 1.) In an order dated March 28, 2007, the Court denied Mr. Washington's petition. (*Id.*, Dkt. No. 2). Mr. Washington appealed the denial of the petition, and the denial was upheld by the Tenth Circuit on January 16, 2009. *United States v. Washington*, 2009 WL 105739 (10th Cir. 2009)(unpublished).

On November 8, 2010, nearly two years after the Tenth Circuit's denial of his § 2255 appeal, Mr. Washington filed the instant motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. The Court characterized this motion as a motion to vacate pursuant to 28 U.S.C. § 2255, and ordered the United States to respond. Mr. Washington filed a "Notice of Wrongful characterization" on December 27, 2010, arguing that the Court's characterization of the motion as a § 2255 motion was improper.

2. **ARGUMENT**

Although Mr. Washington couches his claim as a motion to vacate the denial of his § 2255 motion as void because the Court "failed to address or rule on the merits of his claim," a review of his motion makes it clear that he is attempting to raise, once again, issues that were considered on direct appeal and in Mr. Washington's § 2255 motion. Specifically, Mr. Washington takes issue with the Court's determination, at the time of sentencing, that he possessed with intent to distribute 50 grams or more of cocaine base.

In support of its motion to dismiss, the United States argues that "[t]he Tenth Circuit has determined that Rule 60(b) is an inappropriate means by which to challenge the propriety of a conviction or sentence, and should be construed as second or successive petition for habeas relief under 28 U.S.C. § 2255." *See Motion to Dismiss* Dkt No. 24 at 2-3. In support of this claim the

United States cites *United States v. Taylor,* 2010 WL 2294522 (10th Cir. 2010)(unpublished). In his response, Mr. Washington objects to the use of *Taylor,* arguing that *Taylor* is too factually distinct from his case and that *Taylor* does not stand for the premise asserted by the United States. This Court finds *Taylor* informative and agrees with the United States' assessment of the case.

In *Taylor,* a defendant named Taylor was convicted of possession with intent to distribute more than 50 grams of cocaine base, and was convicted at trial. Like Mr. Washington, Taylor was sentenced to 360 months imprisonment. Taylor filed two successive habeas petitions that were dismissed on the merits, and the Tenth Circuit denied his petition to file a second or consecutive § 2255 petition. Taylor filed a motion under Rule 60(b), and the district court denied the motion.

In upholding the district court, the Tenth Circuit determined that the motion was not a true Rule 60(b) motion, because it did not challenge the procedure followed in the § 2255 hearing, but to challenge the merits of the finding. The Tenth Circuit stated:

> Following our instructions in Spitznas (Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006)) outlining the process of evaluating Rule 60(b) motions, the district court properly determined that Mr. Taylor's Rule 60(b) motion should be treated as a second or successive habeas petition rather than a true 60(b) motion because it constituted an attack on his underlying criminal sentence rather than raising a permissible Rule 60(b) issue regarding a prior habeas proceeding. Substantially for the reasons set out in its ruling, we agree with the district court's determination that Mr. Taylor is attempting to file a successive habeas petition.

*Taylor,* 2010 WL 2294522 at 4.

Contrary to Mr. Washington's assertions, his motion is nothing more than an attempt to attack his sentence, which as the *Taylor* court pointed out, constitutes a successive § 2255 petition.

Mr. Washington's motion does not challenge the procedure of his § 2255 hearing. Rather, Mr. Washington improperly attacks the validity of his criminal sentence.

For these reason, the Court finds that Mr. Washington's motion is nothing more than a cleverly disguised successive § 2255 petition. Accordingly, the Court **GRANTS** the United States' motion to dismiss.

It is so **ORDERED**.

DATED this 7 day of April, 2011.

_____
Dee Benson
United States District Judge